# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/27/2019 06:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
19STCV34831

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA, a corporation:
NACHUM RABINOWITZ, an individual; DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YAAKOV MARKEL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Los Angeles County Superior Court, 111 N. Hill Street, Los Angeles, CA 90012 | 19STCV34831 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

William Dickerman, 424 S. Beverly Drive, Beverly Hills, CA 90212, 310-268-6666

| DATE: *(Fecha)* 09/30/2019 | Clerk, by *(Secretario)* Sherri R. Carter Executive Officer / Clerk of Court Heather A. Flores-Hernandez | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]



**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [ Print this form ]   [ Save this form ]     [ Clear this form ]

Electronically FILED by Superior Court of California, County of Los Angeles on 09/27/2019 06:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk
19STCV34831

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA, a corporation;
*NACHUM RABINOWITZ, an individual; DOES 1-100*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YAAKOV MARKEL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **19STCV34831** |

Los Angeles County Superior Court, 111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

William Dickerman, 424 S. Beverly Drive, Beverly Hills, CA 90212, 310-268-6668

| DATE: *(Fecha)* **09/30/2019** | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court | , Deputy |
|---|---|---|
| | *(Secretario)* Heather A. Flores-Hernandez | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify):* UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA, a corporation

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
YAAKOV MARKEL

DEFENDANT:
UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERI(

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles

10/18/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Maria Navarro _____ Deputy

CASE NUMBER:
19STCV34831

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 03/02/2020 | Time: 8:30 AM | Dept.: 40 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  10/18/2019

David Sotelo / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

William Dickerman
424 S. Beverly Drive.
Los Angeles, CA 90212

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:  10/18/2019

By  Maria Navarro
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

Electronically FILED by Superior Court of California, County of Los Angeles on 09/27/2019 06:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
19STCV34831

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: David Sotelo

1. William Dickerman, Esq. (SBN 76237)
DICKERMAN & ASSOCIATES
2. 424 S. Beverly Drive.
Beverly Hills. CA 90212
3. Phone: (310) 268-6666
Email wmdickerman@gmail.com
4.

5.

Attorneys for Plaintiff Yaakov Markel
6.

7.

8.                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9.                        FOR THE COUNTY OF LOS ANGELES

10.

11. YAAKOV MARKEL,                          ) Case No.    19STCV34831
                                            )
12.                      Plaintiff,         ) **COMPLAINT FOR:**
                                            )
13.  v.                                     )
                                            ) **1. VIOLATION OF LABOR CODE**
14.                                         ) **2. UNFAIR BUSINESS PRACTICES**
     UNION OF ORTHODOX JEWISH               ) **3. FRAUD**
15.  CONGREGATIONS OF AMERICA, a            ) **4. NEGLIGENT MISREPRESENTATION**
     corporation; Nachum Rabinowitz, an     ) **5. FAILURE TO GIVE ITEMIZED WAGE**
16.  individual; DOES 1-100.                ) **   STATEMENTS**
                                            )
17.                                         )
                                            ) [UNLIMITED CIVIL CASE]
18.                      Defendants.        )
                                            ) **DEMAND FOR JURY TRIAL**
19.  ─────────────────────────────         )

20.

21.

22.      Plaintiff alleges:

23.                          **COMMON ALLEGATIONS**

24.      1. Plaintiff Yaakov Markel ("plaintiff" or "Markel") was at all relevant times an individual

25.  living in Los Angeles County, California.

26.      2. Defendant Union of Orthodox Jewish Congregations of America ("OU") is, on information

27.  and belief, a New York corporation at all relevant times conducting business in Los Angeles County.

28.  California.

3. Defendant Nachum Rabinowitz is an individual who is employed by OU, often works in Los Angeles County, and resides, on information and belief, in the state of New York.

4. The true names and capacities of the fictitious defendants named herein as DOES 1 through 100, inclusive, are unknown to plaintiff, who therefore sues such defendants by such fictitious names and will ask leave of court to amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named DOE defendants is in some manner responsible for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by these defendants.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants was acting as an agent and/or employee of the other defendants, was acting within the course and scope of that relationship, and was legally responsible in some manner for the injuries and damages prayed for herein.

6. Beginning on or about the summer of 2011 and continuing until March 15, 2018, plaintiff was employed by defendant as a supervisor of kashruth (known by the Hebrew term "mashgiach"), the system of Jewish rules that ensures that food products are kosher according to religious regulations. Plaintiff was employed at facilities where defendant OU had contracts to oversee the kashruth of grape products, in Delano, California (at Delano Growers Grape Products ["Delano"] and Fresno, California (at San Joaquin Valley Concentrates ["Gallo"] (sometimes collectively referred to as "the two wineries").

7. Plaintiff's employment was pursuant to a series of oral agreements confirmed in writing over the seven years of employment.

8. Effective March 15, 2018, plaintiff resigned from that employment, having given notice of his intent to resign about two weeks earlier.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Compensation, Against OU and DOES 1-10)

9. Plaintiff re-alleges all of the foregoing allegations.

10. During the period of plaintiff's employment, defendant OU owes him approximately $568,000 for unpaid doubletime, based on an estimated 156+ on-call (engaged to wait) 108-hour weeks from 2014-2017, and including harvest seasons. A detailed statement of the days worked, the hours worked each day, and the payment received therefor is currently unavailable to plaintiff, as OU has, on information and belief, the relevant documentation. Plaintiff will seek to obtain it in discovery.

11. Labor Code section 1194(a) provides that any employee who receives less than the legal overtime compensation applicable to him is entitled to recover in a civil action the unpaid balance of overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

12. Pursuant to the Labor Code section 510, the general overtime provisions are that a nonexempt employee shall not be employed more than eight hours in any workday or more than 40 hours in any workweek unless he or she receives one and one-half times his or her regular rate of pay for all hours worked over eight hours in any workday and over 40 hours in the workweek. Eight hours of labor constitutes a day's work, and employment beyond eight hours in any workday or more than six days in any workweek requires the employee to be compensated for the overtime at not less than:

a. One and one-half times the employee's regular rate of pay for all hours worked in excess of eight hours up to and including 12 hours in any workday, and for the first eight hours worked on the seventh consecutive day of work in a workweek; and

b. Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek.

These overtime rules apply to plaintiff, who at all relevant times was a nonexempt

employee. Throughout the statute of limitations period covered by these claims, plaintiff was not compensated for overtime at a rate of one and one half times his hourly rate of pay for all of the hours he worked in excess of 40 ours per week. Plaintiff was not compensated for overtime at a rate of one and one half times his hourly rate of pay for all of the hours he worked in excess of 8 hours a day, or for work on a seventh consecutive day in one workweek, nor was he compensated for overtime at a rate of double his hourly rate of pay for all of the hours he worked in excess of 12 hours a day or for work over 8 hours on the seventh consecutive day in one work week. Nor was he paid for much of the significant amount of time that he was on call.

13. Under the provisions of the Labor Code, plaintiff should have received a total of the amount alleged in paragraph 10 for hours worked during the period referred to. Defendant therefore owes plaintiff a sum in excess of $500,000, representing the difference between the amount of wages owed pursuant to his salary and the amount actually paid to plaintiff. Defendant has failed and refused and continues to fail and refuse to pay plaintiff the amount owed.

14. Defendant's failure to pay plaintiff the alleged sum violates the provisions of Labor Code section 510 and is therefore unlawful.

15. Plaintiff is entitled to recover also interest on overtime compensation due from the day such amounts were due, and reasonable attorney's fees pursuant to the Labor Code sections cited above.

## SECOND CAUSE OF ACTION

### (Unfair Business Practices, Violation of Cal. Business & Prof. Code sections 17200 et seq., Against OU, Rabinowitz, and DOES 11-20)

16. Plaintiff re-alleges all the foregoing allegations.

17. Throughout the statute of limitations period covered by these claims, defendants' failure to pay earned wages in the form of overtime under the California Labor Code, as alleged herein, to do so fraudulently, and to misclassify plaintiff as an independent contractor when he was in fact and law an

employee, constitute unlawful activities prohibited by Bus. & Prof. Code section 17200 et seq.

18. Plaintiff has lost money and/or property as a result of defendants' unfair business acts and practices and defendants are unjustly enriched to the extent of their failure to pay earned wages to plaintiff.

19. As a direct and proximate result of the unfair business acts and practices of defendants, plaintiff is entitled to equitable relief, including full restitution, disgorgement, and/or specific performance of payment of all wages that have been unlawfully withheld from plaintiff.

## THIRD CAUSE OF ACTION

### (Fraud and Deceit Against OU, Rabinowitz and DOES 21-30)

20. Plaintiff re-alleges all of the foregoing allegations.

21. On or about December 19, 2013, Rabinowitz told plaintiff that OU would hire him to a salaried management position including a raise commensurate with the promotion. On or about January 2, 2014, Rabinowitz told plaintiff "We'll I"H sort this out and get a reasonable arrangement in place." On or about January 25, 2014, Rabinowitz told plaintiff that OU was "very close to resolving the old issues and will then come up with real proposals based on the actual job descriptions" and that "I am hopeful that this will be resolved by the end of January, as I had, I think, originally predicted." On or about February 7, 2014, Rabinowitz told plaintiff he was "working on the details of the salaried position, I hope to have news next week."

22. On or about March 10, 2014, Rabinowitz told plaintiff that "SJVC threw a major monkey wrench into the whole equation which is why I didn't finalize the salaries as I had promised. I hope that this will be sorted soon." On or about April 2, 2014, in response to a March 31, 2014 email from plaintiff that stated, in part, that "we will still need to discuss the raise you've offered and the possibility of going to a salary based pay rate but this stopgap measure will mean I'm at least not taking a massive reduction in current pay." Rabinowitz told plaintiff he agreed to an "interim proposal" until the salary

and raise could be concretized. Thus defendants led plaintiff on to avoid treating him as an employee, which would cost defendant OU much more in overtime and other expenses.

23. Pay discussions took a backseat during much of 2014 and early 2015 due, on information and belief, to staffing issues and related internal OU politics, which caused an inordinate amount of disruption and increased workload. On or about May 6, 2015, OU employee Moshe Rosenbaum told plaintiff that "it may seem that someone here is trying to pull the rug out from under you, by seeming to change post facto what you understood to be the working arrangement," that "it is obvious that we need to concretize the understanding of the wages for base and overtime, and expenses," and that "Rabbi Rabinowitz will be back in the office on Thursday (tomorrow) and at that time we should be able to sort it out." Defendants did not "sort it out."

24. In or about July 2015, during an on-site visit, Rabinowitz reaffirmed to plaintiff that OU would concretize salary along with the raise initially promised in December 2013. On or about July 22, 2015, Rabinowitz told plaintiff that OU's "offer still stands," though no offer had been made. Rabbi Yony Kantor passed away towards the end of July 2015, which event OU used as justification to further delay discussion about plaintiff's salary.

25. In or about July 2017, Rabinowitz assured plaintiff that OU's intent had always been to move plaintiff to a normal salaried position. On or about Feb 21, 2018, in response to plaintiff's email discussing the salaried position and insisting on resolution, Rabinowitz acknowledged that the issue was Rabinowitz's responsibility; he said he would be discussing this and would get back to plaintiff over the next two weeks. On or about Feb 27, 2018, Rabinowitz told plaintiff he was committed to fixing the employment situation, that plaintiff would be moved into a salary with all benefits appropriate to full-time OU employees, that the pay increase promised in 2013 would be included in the to-be-determined salary, that provision would be made regarding pay for work hours beyond the scope of the basic salaried position, and that plaintiff could expect a concrete proposal from him no later than March 13, 2018.

26. Plaintiff did not receive any such proposal from Rabinowitz by March 15, 2018. On or about March 15, 2018, plaintiff tendered his resignation. Rabinowitz told plaintiff over a number of calls that he would get him a concrete offer immediately. On or about March 23, 2018, Rabinowitz wrote to plaintiff, "I am sorry but I still do not have a final version for you," but that he was offering an $85,000 annual salary. On or about March 30, 2018, after plaintiff pointed out that $85,000 was a significant pay cut, Rabinowitz told plaintiff this offer had been "actually based on your earnings in 2017" and that "it is not our intent to cut you at all."

27. On or about April 9, 2018, after plaintiff advised that his current annual pay was equivalent to $111,000 (not including unpaid time off and based solely on the current "interim arrangement"), Rabinowitz told plaintiff that he had "had an opportunity to discuss plaintiff's salary with OU's senior administration. Your earnings this past year were $93,910," and Rabinowitz offered "an annual salary of $110,000 based on your current job description." On or about April 10, 2018, 26 days after plaintiff's two-weeks' resignation notice, Rabinowitz told plaintiff that "we continue to hear from both Delano and other Mashgichim that you do not intend to return to Delano. While that would be most disappointing, if that is your decision, we really do need to know right away." When reminded of said resignation, Rabinowitz told plaintiff that "Yes, I received your email, but when we spoke I understood that you might reconsider."

28. Thus, from about August 2013 until after plaintiff gave his two weeks' notice of resignation on or about March 15, 2018, defendants continually promised to negotiate concrete and binding employment contract terms, to result in a written employment contract. Plaintiff repeatedly and urgently requested that defendants come to an agreement on contract terms. Rabinowitz, on OU's behalf, in oral and written discussions, repeatedly confirmed plaintiff's status as a paid employee, but during the entire period of the employment they promised and failed to enter into an agreement, acting as though they were negotiating in good faith when in fact they were stringing plaintiff along to avoid paying proper hourly wages.

29. Defendants stalled for years and thereby avoided giving plaintiff a contract and negotiating terms of his employment, to avoid incurring legally required obligations toward their employee. They accomplished this by continually promising to resolve the issue of contract terms in the near future, then never resolving them, making excuses for delays; stating that defendants were working on the contract issues and would get back to plaintiff soon; and generally ignoring plaintiff's pleas to stabilize his employment status by providing a written contract with concrete terms.

30. During almost the entire employment relationship, defendants convinced plaintiff they were acting in good faith and would provide the contract they had continually agreed to provide. Since plaintiff was apparently a highly valued employee, not least because his dedication led him to work extremely hard under great time pressure, and for long periods, he believed that defendants were acting in good faith. He therefore continued to work extremely long hours in a very demanding position. He was so busy that he did not have the time or energy left over to pursue the contract issues beyond following up with defendants in his efforts to obtain a contract.

31. Although the promises began in 2013, it was not until around the time of plaintiff's resignation that he finally understood that defendants never had any intention of entering into a written contract on negotiated terms, as all along they had led him to believe they would do. With time to reflect and examine defendants' unresponsiveness after years of supposed negotiating, plaintiff realized that defendants had purposefully stalled and avoided committing themselves to contract terms. He realized that defendants had always intended, rather, to keep him working extremely long hours for lengthy periods—sometimes months of 24-hour workdays with hardly a break—and to take advantage of his naïve trust in the religious Jewish nature of OU and Rabbi Rabinowitz.

32. The multiple representations that defendants made to plaintiff in their endless "negotiations" perpetuated unreasonably by defendants, were false. In fact, defendants never had any intention to negotiate in good faith, nor did they. Nor did they ever intend, over the years of plaintiff's invaluable employment, to give him a written contract with regular employment terms. In fact, each time

defendants repeated that they were "working on it," "hoped to have a response soon," and the like, they were knowingly tricking plaintiff to keep him working and hoping he would be too busy and too trusting such that he would not finally insist on a written contract with concrete terms. Among other reasons, on information and belief plaintiff alleges that defendants always intended to treat plaintiff, an employee, as a contract worker and thus afford him many fewer advantages and protections than he would have had with a written employment contract.

33. Plaintiff reasonably relied on defendants' promises and supposed actions toward providing a contract. As an Orthodox Jewish man, he knew that the OU was one of the largest and most influential Jewish organizations in the world, run by expert administers and managed at the highest levels by supposedly Go0d-fearing religious rabbis whom he believed would live up to the highest degree of honesty and integrity. Not until the end of his employment did he realizes that defendants were motivated solely by how much work they could squeeze from him while paying him the lowest possible compensation, even if that meant continuing to string him along with the belief that they would deal with him honestly and fairly. Plaintiff's intense work for very long hours and over very long periods of time did not allow him to analyze defendants' behavior and to recognize, until he shed some of his naivete, that defendants had all along been taking shameful advantage of him.

34. Defendants' purpose in deceiving plaintiff was to enable OU to severely under-pay plaintiff, knowing that he was entitled to much more than they were paying, and that if they negotiated and finalized, in good faith, a contract with him, they would have to pay considerably more in salary and benefits than they were paying and had paid. Those misrepresentations were made to induce plaintiff to keep on working over years without regular raises and other advantages that come with increasing seniority on the job. Plaintiff, relying on the misrepresentations, did continue to work at substandard wages under unreasonably difficult conditions, based on the alleged representations. Plaintiff came to understand that defendants had essentially been playing a game, continually making him think he was going to get the employment contract they had repeatedly promised. He therefore continued in good

faith to work extremely long hours, often 24 hours per day and far from home, and barely had time to do anything else in his life. Thus preoccupied, and believing that defendants' religious authorities and leaders would ultimately act in good faith, and not being a savvy businessman but naive in the ways of defendants' business and methods of conducting it, did not become aware of defendant's fraud until March 2018.

35. As a proximate result of the misrepresentations, plaintiff was induced to work, and did work, for much less salary and benefits than he otherwise would have. He has also suffered mental and emotional distress. The total damages are in an amount in excess of $500,000 to be proved at trial.

36. In deceiving and cheating plaintiff, defendants are liable for fraud, malice, and oppression, completely ignoring his rights and interests in favor of their own. Defendants are therefore liable for punitive and exemplary damages in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation Against OU, Rabinowitz, and DOES 21-30)

37. Plaintiff re-alleges paragraphs 1 through 36.

38. Defendants intended to induce plaintiff to rely on their misrepresentations.

39. Defendants had no reasonable ground to believe the representations were true, since they intended to keep plaintiff so intensely busy and otherwise preoccupied that he would not be in a position to, or able to, insist on obtaining a properly negotiated contract.

40. Plaintiff was induced to and did rely on the misrepresentations in continuing to work hard and for long periods without a final negotiated and written contract.

41. Plaintiff's reliance was reasonable since he trusted in the religious *bona fides* of defendants, knew he was a valued and valuable employee, and believed, until near the time of his resignation, that defendants were acting in good faith and would follow through on their representations.

42. As a proximate result of the misrepresentations, plaintiff was induced to work, and did work,

for much less salary and benefits than he otherwise would have. He has also suffered mental and emotional distress. The total damages are in an amount in excess of $300,000 to be proved at trial.

## FIFTH CAUSE OF ACTION

### (Failure to Give Itemized Wage Statements, Against OU and DOES 1-10)

43. Plaintiff re-alleges paragraphs 1 through 42.

44. Defendants willfully, regularly, repeatedly and knowingly failed to provide plaintiff with itemized wage statements that conformed to the requirements of California law, including California Labor Code section 226, in that the pay stubs he received did not include the total hours he had worked in that pay period, all applicable hourly rates in effect during the pay period (i.e., straight time rate and overtime rate), and the corresponding number of hours he had worked at each hourly rate.

45. Plaintiff seeks damages for the injury he has suffered as a result of defendants' knowing and intentional failure to comply with this law, pursuant to section 226.

## PRAYER

WHEREFORE, plaintiff seeks the following relief:

ON THE FIRST CAUSE OF ACTION:

1. Compensatory damages in the amount of unpaid overtime compensation in an amount according to proof in excess of $500,000;

2. For interest on any overtime compensation due from the day such amounts were due;

3. For reasonable attorney's fees pursuant to Labor Code section 1194(a);

4. For all other monetary benefits conferred by statute.

ON THE SECOND CAUSE OF ACTION:

1. Equitable relief, including full restitution, disgorgement, and specific performance of payment of all wages that have been unlawfully withheld from plaintiff.

ON THE THIRD CAUSE OF ACTION:

1. General and compensatory damages according to proof in excess of $500,000.

2. Exemplary and punitive damages.

ON THE FOURTH CAUSE OF ACTION:

1. General and compensatory damages according to proof in excess of $500,000.

ON THE FIFTH CAUSE OF ACTION:

1. General and compensatory damages according to proof.

ON ALL CAUSES OF ACTION:

1. Penalties and attorney fees where awardable pursuant to statute.

2. For interest, costs of suit incurred, and for such other and further relief as the court may deem proper.

Dated: September 24, 2019                          DICKERMAN & ASSOCIATES

                                                   By _____
                                                   William Dickerman, Attorney for
                                                   Plaintiff Yaakov Markel

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):         FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       (INSERT DATE)                                  (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:
                                                 ➤ _____
_____          (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date:
                                                 ➤ _____
_____          (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date:
                                                 ➤ _____
_____          (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date:
                                                 ➤ _____
_____          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:
                                                 ➤ _____
_____          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

                                                 ➤ _____
_____          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, **including** the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | FAX NO. (Optional): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | | |
| COURTHOUSE ADDRESS: | | | |
| PLAINTIFF: | | | |
| DEFENDANT: | | | |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____

_____
JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**

   Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   - JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
   - Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   - Free or low-cost mediations before the day of trial for these and other case types.
   - For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer_EngSpan.pdf

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _Rizalinda Mina_, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )     FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING        )
FOR CIVIL                            )
                                     )
                                     )
                                     )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a)  "Bookmark"  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b)  "Efiling Portal"  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c)  "Electronic Envelope"  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d)  "Electronic Filing"  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6)  TECHNICAL REQUIREMENTS

a)  Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b)  The table of contents for any filing must be bookmarked.

c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d)  Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)     Depositions;

   ii)    Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f)  Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g)  Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

1  b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2    day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3    application must be provided to the court the day of the ex parte hearing.

4 9) PRINTED COURTESY COPIES

5  a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6    be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7    the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8    by 10:00 a.m. the next business day.

9  b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10    electronic submission) is required for the following documents:

11    i) Any printed document required pursuant to a Standing or General Order;

12    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26

13     pages or more;

14    iii) Pleadings and motions that include points and authorities;

15    iv) Demurrers;

16    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17    vi) Motions for Summary Judgment/Adjudication; and

18    vii) Motions to Compel Further Discovery.

19  c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20    additional documents.  Courtroom specific courtesy copy guidelines can be found at

21    www.lacourt.org on the Civil webpage under "Courtroom Information."

22 10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23  a) Fees and costs associated with electronic filing must be waived for any litigant who has

24    received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25    1010.6(d)(2).)

26  b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27    section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28    electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019 

KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Stanley Mosk Courthouse<br>**Mailing Address:** 111 North Hill Street<br>**City, State and Zip Code:** Los Angeles CA 90012 | |
| **SHORT TITLE:** YAAKOV MARKEL vs UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA, A CORPORATION, et al. | **CASE NUMBER:**<br>19STCV34831 |

## NOTICE OF CONFIRMATION OF ELECTRONIC FILING

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

### Electronic Filing Summary Data

Electronically Submitted By:  DDS Legal Services
Reference Number: JTI38263
Submission Number: 19LA01247004
Court Received Date: 09/27/2019
Court Received Time: 6:42 pm
Case Number: 19STCV34831
Case Title: YAAKOV MARKEL vs UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA, A CORPORATION, et al.
Location: Stanley Mosk Courthouse
Case Type: Civil Unlimited
Case Category: Other Employment Complaint Case
Jurisdictional Amount: Over $25,000
Notice Generated Date: 10/01/2019
Notice Generated Time: 11:39 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Complaint | Accepted |
| Civil Case Cover Sheet | Accepted |
| Summons | Accepted |
| Notice (name extension) | Accepted |

---

**NOTICE OF CONFIRMATION OF FILING**

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: DDS Legal Services
Contact: DDS Legal Services
Phone: (714) 662-5555

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>09/27/2019<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: Heather A. Flores-Hernandez, Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV34831 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | David  Sotelo | 40 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/01/2019
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Heather A. Flores-Hernandez , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

### INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

#### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

#### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

#### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

#### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

#### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



U.S. POSTAGE PAID
FCM LG ENV
BEVERLY HILLS, CA
902
NOV 18, 19
AMOUNT
$8.20
R2305K13908?-11

1024
11210

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rabbi Nochum Rabinowitz
2702 Avenue M
Brooklyn, NY 11210

9590 9402 4895 9032 7494 57

2. Article Number (Transfer from service label)
7018 3090 0001 4953 7135

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                      ☐ Agent
                                       ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Rabbi Nochum Rabinowitz
2702 Avenue M
Brooklyn, NY 11210

2702

CERTIFIED MAIL

3090 0001 4953 7735