Leonora M. Schloss (SBN 145142)
Leonora.Schloss@jacksonlewis.com
Sevada Hakopian (SBN 330602)
Sevada.Hakopian@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendants
UNION OF ORTHODOX JEWISH
CONGREGATIONS OF AMERICA
AND NACHUM RABINOWITZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAAKOV MARKEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA, a corporation; Nachum Rabinowitz, an individual; DOES 1-100,<br><br>　　　　Defendants. | Case No.: 2:19-cv-10704-JWH-SK<br><br>[Assigned to all purposes to Honorable John W. Holcomb, Courtroom 9D]<br><br>**DEFENDANTS' [PROPOSED] NOTICE OF MOTION AND MOTION FOR LEAVE TO DESIGNATE EXPERT WITNESS AFTER DEADLINE**<br><br>[Filed concurrently with Declaration of Leonora Schloss; Proposed Order]<br><br>Hearing Date:<br>Current Trial Date: January 9, 2023 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure, Rule Local Rules 6-1, on Friday, _____, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9D of the above-captioned Court, located at Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701-4516, Courtroom 9D, 9th Floor, Defendants the UNION OF

ORTHODOX JEWISH CONGREGATIONS OF AMERICA AND NACHUM RABINOWITZ ("Defendants"), will and hereby do move this Court for an Order granting relief in favor of Defendants UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA and Nachum Rabinowitz allowing DEFENDANTS leave to designate expert witnesses after the expiration of the September 5, 2022 deadline designated in the Court's January 26, 2022 Order continuing trial and pre-trial deadlines. The basis of the requested relief is that Defendant inadvertently relied upon the timing for designation set forth in Rule 26(a)(2)(D)(i) (i.e.; expert designations due 90 days before trial) rather than the Court's revised scheduling order, owing to excusable neglect of counsel for Defendants.

Defendants' motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Leonora M. Schloss, all pleadings and papers filed in this action, and any such evidence or testimony as the Court may allow at the hearing on this matter.

Defendants have met and conferred with Plaintiff pursuant to local rules of Court prior to filing of this motion. Plaintiff has refused to stipulate to the relief requested by Defendants. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 8, 2022. Declaration of Leonora Schloss ("Schloss Decl."), ¶¶ 6-12.

DATED: September 12, 2022           JACKSON LEWIS P.C.

                                    By: _____
                                        Leonora M. Schloss
                                        Sevada Hakopian

                                        Attorneys for Defendants
                                        UNION OF ORTHODOX JEWISH
                                        CONGREGATIONS OF AMERICA AND
                                        NACHUM RABINOWITZ

| CASE NO.: 2:19-cv-10704-JWH-SK | 2 | MOTION FOR LEAVE TO DESGINATE EXPERT WITNESS |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants respectfully request that this Court grant leave for Defendants to provide their initial Expert Disclosure to Plaintiff after the deadline set forth in the Court's Order regarding Joint Stipulation to Continue Trial and All Related Pre-Trial Deadlines (the "Order") dated January 26, 2022.

The Order continued trial in this matter to January 9, 2023 and designated the initial expert disclosure deadline as September 5, 2022. While it is Defense Counsel's intention and common practice to abide by all local rules and orders of the Court, in calculating the date for its initial disclosure of expert witness information, defense counsel inadvertently relied on the fallback date provided by Rule 26(a)(2)(D)(i) (i.e., disclosures must be made at least 90 days before the date set for trial, *absent stipulation or court order*.) Defense counsel accidently overlooked the fact that an alternate date for initial expert disclosures was designated in the Order and calculated that initial expert disclosures were due on or before October 11, 2022, 90 days before the January 9, 2023 trial.

Defendants only became aware of the error when served with Plaintiff's initial expert disclosure on or about September 5, 2022. Defendants reached out to Plaintiff's counsel on September 6, 2022 and made extensive efforts to meet and confer regarding the possibility of stipulating to extend the deadline for expert disclosures for the following days, but Plaintiff's counsel formally refused on September 9, 2022, necessitating the instant motion.

As addressed in detail below, Defendants respectfully request that the failure to timely provide an initial disclosure of experts should be considered excusable neglect, and the instant motion be granted. Any neglect was excusable, and discovery remains open in this matter, meaning extraordinary relief of reopening discovery is not required. If Defendants' request for relief is granted, the delay and impact on proceedings will be de minimis, the delay was caused by an error in determining the proper date of

submission, and upon discovery of the error, Defendants acted in good faith in immediately reaching out to Plaintiff to attempt to resolve the issue and acting to submit this motion forthwith. Plaintiff will not suffer prejudice should the motion be granted. On the other hand, if the motion is denied, Defendants will suffer extreme prejudice, in that they would not have a full opportunity to defend the case against Plaintiff's allegations, particularly in the areas of damages.

Defendants seeks leave to serve their initial expert designation to Plaintiff. Defendants have retained Dr. James R. High as their expert and anticipate having the expert report ready for circulation on approximately September 23, 2022. With the present trial date scheduled for January 9, 2023, and expert discovery cut-off on October 24, 2022, Plaintiff will still have more than sufficient time to conduct the deposition of Defendants' designated expert and prepare for trial. Moreover, Defendants are willing to stipulate to an extension of time for Plaintiff to designate rebuttal experts and to conduct expert discovery should Plaintiff require such additional time. For the reasons stated above, Defendants request this motion for leave to submit tardy expert witness information be granted by the Court.

## II. RELEVANT FACTS

The current trial date is scheduled for January 9, 2023. The Order dated January 26, 2022, signed by Judge Holcomb, states: "(6) The Expert Discovery Cut-off is continued from April 4, 2022, to October 24, 2022; (7) The Expert Disclosure (Rebuttal) deadline is continued from March 7, 2022, to September 23, 2022; (8) The Expert Disclosure (Initial) deadline is continued from February 14, 2022, to September 5, 2022." (Schloss Decl. ¶ 3; Exh. A.)

Despite Defense Counsel's best intentions to abide by the Order and rules of Court, in scheduling the date for the initial exchange of expert witness information, defense counsel inadvertently relied on the general rule of FRCP Rule 26(a)(2)(D)(i) (The "Rule") (which states that a "party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must

be made: at least 90 days before the date set for trial or for the case to be ready for trial.") Defense counsel mistakenly overlooked the date for initial expert exchange specified in the Order operated under the belief that the initial expert witness disclosures were to be exchanged on October 11, 2022, i.e., 90 days before trial. (Schloss Decl. ¶ 4.) Therefore, through excusable neglect, defense counsel failed to timely serve Defendants' initial expert disclosure pursuant to the Order. (Schloss Decl., ¶ 5.) Defendants received Plaintiff's initial Expert Witness Disclosure on the evening of September 5, 2022, the Labor Day holiday. It was only on the next business day, September 6, 2022, that defense counsel first became aware that initial expert disclosures were due on that day. (Schloss Decl., ¶ 6.) On September 6, 2022, counsel for Defendants called counsel for Plaintiff to attempt to meet and confer regarding the possibility of stipulating to extend the disclosure deadline, but Plaintiff's counsel was unavailable and did not return counsel's message. (Schloss Decl., ¶ 7.) On the morning of September 7, 2022, counsel for Defendants tried to participate in a pre-arranged call with counsel for Plaintiff set to discuss Plaintiff's progress on a joint statement for a motion for summary judgment being drafted in this matter. Counsel for Defendants intended to meet and confer regarding the tardy initial expert designation during the call. Plaintiff's counsel failed to participate in the call. (Schloss Decl., ¶ 8.) Defendants' counsel sent an email to Plaintiff's counsel citing to the missed call, the expert designation issue, and requested a response from Plaintiff. (Schloss Decl., ¶ 9; Exh. B.) Plaintiff's counsel responded that he could speak the next day about the summary judgment joint statement, but that he would not have a response to Defendants' request to stipulate to extend the expert disclosure deadline. Defense counsel emailed back explaining that anything other than Plaintiff agreeing to Defendants' requested stipulation would be considered that Plaintiff was opposing the ex parte Defendants would be forced to bring and the relief sought in this motion. (Schloss Decl., ¶ 10; Exh. C.)

On September 8, counsel met and conferred regarding Defendants' requested stipulation for leave to designate. The parties discussed the types of experts Defendants

| CASE NO.: 2:19-cv-10704-JWH-SK | 5 | MOTION FOR LEAVE TO DESGINATE EXPERT WITNESS |

planned to designate; and proposed dates for designation, rebuttal and expert discovery cut-off. The parties further checked the dates for hearing on motions in limine from the Scheduling Order and discovered that the Order states both Dec. 23 and Dec. 16 for motions in limine hearings Counsel discussed that the schedule Defendants proposed for designation, rebuttal and expert discovery cut-off worked with the December 23 motion in limine hearing date. Furthermore, when Plaintiff's counsel expressed concern that this slightly shortened schedule would require Plaintiff to pay for expedited deposition transcripts, Defendants offered to pay the difference between a regular and rushed deposition transcript, which Plaintiff's counsel committed to responding to defense counsel that evening, however, he did not. (Schloss Decl., ¶ 11.) At approximately 2:30 on the afternoon of Friday, September 9, Plaintiff responded via email, refusing to stipulate to the relief requested, thus necessitating the instant motion. (Schloss Decl., ¶ 12.)

Defendants' inadvertent mistake is simply a technicality with no substantive impact on Plaintiff, who will receive all information regarding Defendants initial expert witness and report well before the expert discovery deadline; and Defendants are willing to agree to extend time for Plaintiff to designate rebuttal experts and to complete expert discovery. (Schloss Decl., ¶ 13-14.) Given the above facts and nature of this case, denying Defendants' the right to designate expert(s) will suffer undue prejudice undermining their ability to present an effective defense in this case. (Schloss Decl., ¶ 15.)

### III. ARGUMENT

#### A. Applicable Federal Rules of Civil Procedure

##### 1. Fed. R. Civ. P. 26 (a)

Fed. R. Civ. P. 26(a)(2)(D)(i) states that a "party must make [expert] disclosures at the times and in the sequence that the court orders. Absent a stipulation or court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the

case to be ready for trial." Here, defense counsel inadvertently relied on the portion of the rule specifying disclosures 90 days before trial, overlooking the specific date set by the Court in its Order, and failed to serve Defendants' initial expert witness designations on the specified date.

Under Fed. R. Civ. P. Rule 26(a), parties are required to disclose the identity of any expert witness who will present evidence under Federal Rule of Evidence 702, 703, or 705; most expert disclosures must be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(A)-(B). The parties are required to make those disclosures at the times and in the sequence the court orders. Fed. R. Civ. P. 26(a)(2)(D).

2. <u>Fed. R. Civ. P. 37(c)(1).</u>

Under 2.Fed. R. Civ. P. 37(c)(1): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**." As set forth in detail below, the failure is both justified and harmless.

3. <u>Fed. R. Civ. P. 6(b)(1)</u>

Fed. R. Civ. P. 6(b)(1) provides, in pertinent part, as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of **excusable neglect**."

The Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

### a. No Danger of Prejudice to Plaintiff

Here, Plaintiff will not suffer prejudice if the motion is granted. First, defense counsel proposes serving Defendants' tardy/late expert witness information disclosures well before expert discovery cutoff. This will provide Plaintiff's counsel sufficient time to review the expert's written report to be produced at the time of designation and prepare for expert discovery (including expert deposition(s)) before the Expert Discovery Cut-Off on October 24, 2022. (Schloss Decl., ¶ 3.) Further, Plaintiff's counsel can designate his own rebuttal expert under 26(a)(2)(D)(ii) (stating that "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party . . . within 30 days after the other party's disclosure.) Here, the Court has designated a shorter timeframe for rebuttal expert designations, making the rebuttal designations due on September 23, 2022, As set forth above, Defendants are willing to stipulate to allow Plaintiff additional time to designate a rebuttal expert and to conduct depositions of Defendants' experts. (Schloss Decl., ¶ 13-14.)

Second, Plaintiff has not been and will not be prejudiced by Defendants' late expert designation. Having received Plaintiff's Expert Witness Disclosure, Defendants will timely serve their rebuttal expert to Plaintiff on September 23rd. Defendants have retained Dr. James R. High as their expert and anticipate designating and providing the expert report on approximately September 23, 2022, the expert rebuttal designation deadline. (Schloss Decl., ¶ 13-14.) With the present trial date scheduled for January 9, 2023, and expert discovery cut-off on October 24, 2022, Plaintiff has plenty of time to conduct the deposition of Defendants' designated expert. Moreover, Defendants are willing to stipulate to allow Plaintiff additional time to designate a rebuttal expert and to conduct depositions of Defendants' experts.

### b. Minimal Delay or Impact on Proceedings

Any delay impact on proceedings will be *de minimis*. Expert discovery remains open until October 24, 2022, and trial is set to commence on January 9, 2023. Defendants do not seek continuances of any dates set in this matter, they only seek leave

to submit their initial expert disclosures, leaving ample time for Plaintiff to conduct any necessary expert discovery and or deposition prior to the cutoff date. (Schloss Decl., ¶ 2-3; Exh. A.) Should the Plaintiff wish for additional time to designate rebuttal witnesses or to conduct depositions, Defendants are willing to stipulate to allow such additional time, with the Court's consent. Fed. R. Civ. P. 16(b)(4). ("A schedule may be modified only for good cause and with the judge's consent.") Good Cause for such modification is evidenced by the facts set forth in this motion and Defendants' good faith efforts to resolve the issue without prejudicing Plaintiff.

### c. Delay was Caused by Inadvertent Error

The Order continued trial in this matter to January 9, 2023 and designated the initial expert disclosure deadline as September 5, 2022. While it is Defense Counsel's intention and common practice to abide by all local rules and orders of the Court, in calculating the date for its initial disclosure of expert witness information, defense counsel inadvertently relied on the fallback date provided by Rule 26(a)(2)(D)(i) (i.e., disclosures must be made at least 90 days before the date set for trial, absent stipulation or court order.) Defense counsel accidently overlooked the fact that an alternate date for initial expert disclosures was designated in the Order and calculated that initial expert disclosures were due on or before October 11, 2022, 90 days before the January 9, 2023 trial. (Schloss Decl., ¶ 3; Exh. A.)

Defendants only became aware of the error when served with Plaintiff's initial expert disclosure on or about September 5, 2022. (Schloss Decl., ¶ 6.) In short, the delay in serving expert disclosures was not due to dilatory inaction or an attempt to gain an advantage or prejudice Plaintiff. Rather, it was simply a mistake in calculating the due date by Defendants' counsel. (Schloss Decl., ¶ 4-5.)

### d. Defendants Acted In Good Faith

The very day after realizing the mistake, Defendants on September 6, 2022 attempted to contact Plaintiff's counsel via telephone to meet and confer to discuss a stipulation to extend the expert designation deadline to avoid filing this motion. (Schloss

Decl., ¶ 7.) Counsel also attempted to confer with Plaintiff on September 7, 2022, without success. (Schloss Decl., ¶ 8-9.) On September 8, counsel met and conferred regarding Defendants' requested stipulation for the relief sought and proposed ex parte. The parties discussed the types of experts Defendants planned to designate; and proposed dates for designation, rebuttal and expert discovery cut-off. The parties further checked the dates for hearing on motions in limine from the Scheduling Order and discovered that the Order states both Dec. 23 and Dec. 16 for motions in limine hearings Counsel discussed that the schedule Defendants proposed for designation, rebuttal and expert discovery cut-off worked with the December 23 motion in limine hearing date. Furthermore, when Plaintiff's counsel expressed concern that this slightly shortened schedule would require Plaintiff to pay for expedited deposition transcripts, Defendants offered to pay the difference between a regular and rushed deposition transcript, which Plaintiff's counsel committed to responding to defense counsel that evening, however, he did not. (Schloss Decl., ¶ 11.) Not until approximately 2:30 on the afternoon of Friday, September 9 did Plaintiff respond, refusing to stipulate to the relief requested. Since Plaintiff did not agree to resolve the issue informally after extensive meet and confer efforts, Defendants are promptly filing the present motion. (Schloss Decl., ¶¶ 10-12.)

Moreover, Defendants agree to make their expert available for deposition as soon as possible and before the close of expert discovery in this case. (Schloss Decl., ¶ 14.)

For all of these reasons, Defendants' failure to timely submit initial expert disclosures was harmless, justified, and the product of excusable neglect.

## IV. CONCLUSION

In short, the only prejudice here would be suffered by Defendants by not being allowed to submit the contemplated tardy expert witness designation preserving Defendants rights to rely on an expert at trial. Indeed, Defendants would not have a full opportunity to defend the case against Plaintiff's allegations, particularly in the areas of damages. For the reasons stated above, Defendants request this motion for leave to submit expert witness information to be granted, thereby preserving Defendants due

process right to rely on its expert to defend against Plaintiff's allegations, particularly with respect to the damages claimed by Plaintiff in this matter.

DATED: September 12, 2022     JACKSON LEWIS P.C.

By: *Leonora Schloss*

Leonora M. Schloss
Sevada Hakopian

Attorneys for Defendants
UNION OF ORTHODOX JEWISH
CONGREGATIONS OF AMERICA AND
NACHUM RABINOWITZ

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**CASE NAME:** Yaakov Markel v. Union of Orthodox Jewish Congregations Of America

**CASE NUMBER:** 2:19-cv-10704-JWH-SK

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On September 12, 2022, I served the foregoing document described as:

**DEFENDANTS' [PROPOSED] NOTICE OF MOTION AND MOTION FOR LEAVE TO DESIGNATE EXPERT WITNESS AFTER DEADLINE**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Steven R. Friedman and Michael Friedman  
LegalSolutionsEmail@gmail.com  
Law Office of Steven R. Friedman  
1880 Century Park East, Suite 1411  
Los Angeles, CA 90067  
Telephone No.: (310) 273-2505

Attorney for Plaintiff, YAAKOV MARKEL

**NOTE:**

*Docket entry number: 43*
TEXT ONLY ENTRY: NOTICE TO PARTIES by District John W. Holcomb. Effective Monday, May 23, 2022, Judge John W. Holcomb will be located in the Ronald Reagan Federal Building and U.S. Courthouse, Courtroom 9D, on the 9th Floor, located at 411 W. 4th Street, Santa Ana, California 92701-4516. All Court appearances shall be made in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse unless otherwise ordered by the Court. All required mandatory chambers copies shall be delivered and placed in the drop box located on the 9th Floor of the Ronald Reagan Federal Building and U.S. Courthouse.

**[XX] BY CM/ECF**: With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the foregoing parties and counsel of record who are registered with the Courts CM/ECF System.

CASE NO.: 2:19-cv-10704-JWH-SK     1     MOTION FOR LEAVE TO DESGINATE EXPERT WITNESS

[X] **FEDERAL** I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 12, 2022 at Los Angeles, California.

*PAMELA TRUJILLO*
Pamela Trujillo

4879-5966-9809, v. 1

CASE NO.: 2:19-cv-10704-JWH-SK     2     MOTION FOR LEAVE TO DESGINATE EXPERT WITNESS